UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LOUIS MATTEO,

                              Plaintiff,

                v.                              1:08-CV-00763(NPM/RFT)

THE TOWN OF GUILDERLAND AND
THE GUILDERLAND POLICE DEPARTMENT,
                              Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

**For the Plaintiff:**
**THOMAS MARCELLE, ESQUIRE**
**Office of Thomas Marcelle**
2 E-Comm Square
3rd Floor
Albany, New York 12207

**For the Defendants:**
**RICHARD J. SHERWOOD, ESQUIRE**
Segel, Goldman Law Firm
9 Washington Avenue Extension
Albany, New York 12205

## DECISION AND ORDER

      Presently before the Court is plaintiff Louis Matteo's unopposed motion for a temporary restraining order and preliminary injunction seeking the return of property. For the reasons that follow, the motion is **GRANTED**.

      On March 17, 2008, Plaintiff was arrested by the Guilderland Police Department and charged with harassment following a verbal altercation with his wife. At Plaintiff's arraignment, an Order of Protection was issued that prohibited Plaintiff from "assault, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense" against

Marisol Matteo. Plaintiff was ordered to surrender his gun collection to the Guilderland Police as a condition of the Order of Protection. Dkt. No. 1, Ex. C, Order of Protection dated March 17, 2008. On March 24, 2008, the case against Plaintiff was adjourned in contemplation of dismissal pursuant to New York's Criminal Procedure Law § 170.55.[1] The Order of Protection was modified to remove the condition that Plaintiff surrender the gun collection. Id. at Ex. D. Plaintiff sought the return of his gun collection from the Guilderland Police Department, but his request was denied pursuant to 18 U.S.C. § 922(g)(8), which prohibits a person from possessing a firearm if he or she is subject to a court order that

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(I) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) who has been convicted in any court of a misdemeanor crime of domestic violence.

The issue before this Court was whether Plaintiff had adequate notice of the hearing at which the Order of Protection was entered and an opportunity to participate in the hearing within the meaning of 18 U.S.C. § 922(g)(8)(A). See Dkt. No.5, Memorandum of Law in Support of

---

[1] Under section 170.55, pending charges are adjourned for a period of six months (or one year in the case of a family offense under section 530.11) with a view toward ultimate dismissal of the charges. If the People do not move to have the case restored to the calendar during that time period, the case is deemed to have been dismissed by the court in the furtherance of justice at the end of the six-month period. See N.Y. CRIM. PROC. § 170.55 (1),(2). The six-month period in this case expires on or about September 16, 2008.

Temporary Restraining Order, at 9-14.  During a telephone conference held on July 18, 2008, counsel for the defendants stipulated that Plaintiff had not received notice and an opportunity to be heard within the meaning of section 922(g)(8)(A).  Counsel further did not oppose Plaintiff's motion for the return of his property.

**WHEREFORE,** after having heard from counsel for both Plaintiff and Defendants, and in light of defense counsel's stipulation to the lack of notice and opportunity to be heard necessary to subject Plaintiff to the disabilites under 18 U.S.C. § 922(g)(8)(A), the Court hereby

**ORDERS** that Plaintiff's motion for a temporary restraining order and preliminary injunction is **GRANTED**, and

**ORDERS** that the Defendants return to Plaintiff forthwith his property, and

**ORDERS** that the Clerk of the Court shall electronically serve a copy of this Order on Plaintiff and Defendants.

**IT IS SO ORDERED.**

　　　Dated: July 18, 2008

　　　Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge